J-S23002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN ROBERT CURTIS | |
| Appellant | No. 77 MDA 2022 |

Appeal from the PCRA Order Entered December 14, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003035-2011

BEFORE:  STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 13, 2022**

Appellant John Robert Curtis appeals from the December 14, 2021 order of the Court of Common Pleas of Berks County ("PCRA court"), which denied his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed a no-merit letter and application to withdraw under **Turner**/**Finley**.[1]  Upon review, we vacate and remand and deny the application to withdraw.

The facts and procedural history of this case are undisputed.  As summarized by the PCRA court:

> On September 28, 2011, [Appellant] entered an open guilty
> plea to retail theft [(18 Pa.C.S.A. § 3929(a)(1))], and conspiracy

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to commit retail theft [(18 Pa.C.S.A. § 903(a)(1))]. Immediately prior to entering his plea, [Appellant] executed a five[-]page form entitled: "Statement Accompanying Defendant's Request to Enter a Guilty Plea" [(the "Statement")]. In this document, [Appellant] acknowledged, on the first page, that both of these offenses were graded as felonies of the third degree and that each offense carried a maximum possible penalty of seven years' imprisonment and/or a fifteen-thousand dollar ($15,000.00) fine. He further acknowledged, on page 4, that the court could impose a total aggregate sentence of up to fourteen years' imprisonment and/or a thirty-thousand dollar ($30,000.00) fine.

During the subsequent guilty plea colloquy that was conducted on the record, [Appellant] indicated that he reviewed the Statement with his attorney and that he understood everything that was contained in this document. Th[e] court, being fully satisfied that [Appellant's] plea was entered knowingly, intentionally and without any coercion, accepted his open pleas to both of the aforementioned [crimes]. In response, [Appellant] signed the reverse of the information, changing his pleas from not guilty to guilty[.]

[Appellant's] sentencing was deferred until November 4, 2011 to allow the parties to present evidence on the appropriate guideline ranges and, in particular, the offense gravity score for each of the offenses. [At sentencing, the] court determined that the total restitution amounted to three thousand, seven hundred seventy-seven dollars and thirty-six cents ($3,777.36). As a result of this finding, the offense gravity score for both offenses was properly graded as a five. Based on [Appellant's] undisputed prior record score being a three, the applicable guidelines called for a standard range sentence of six to sixteen months.

After giving due consideration to the guidelines, the arguments made on the record in open court, and the nature of the crimes that occurred, th[e] court issued standard range sentences for both of the offenses. Specifically, [Appellant] received a sentence of not less than sixteen months to seven years for retail theft. As for conspiracy to commit retail theft, [Appellant] received another standard range [consecutive] sentence of twelve months to seven years[. Appellant was made RRRI eligible after twelve months and was given credit for 82 days of time served. Additionally, Appellant was ordered to be excluded from any and all property owned or operated by Walmart and

directed to pay restitution in the amount of $3,777.36 and a fine of $500.00.]

Immediately after the imposition of sentence, [Appellant's] conflict counsel, Attorney Abby Rigdon, presented th[e] court with another document, entitled: "Defendant's Acknowledgment of Post Sentence Procedures Following Guilty Plea." This form describes, in detail, the timing and procedures for how and when to file a post-sentence motion as well as an appeal. This was signed by [Appellant], submitted to the court, and filed with the clerk of courts office. In addition to the original, a copy of the post-sentence procedures form was given to [Appellant] by Attorney Rigdon, who stated on the record that she reviewed this document with [Appellant].

Subsequent to [Appellant] being sentenced, and while still in the courtroom, Attorney Rigdon sat down with [Appellant] and asked him if he wanted her to file a motion for reconsideration of the sentence. According to Attorney Rigdon, the following occurred:

A And I turned to him and said, do you want me to file a motion to reconsider sentence and he looked at me and he was just like, no, no, no, I just want it to be done. It's fine. I just want it to be done. And I said all right, well, if you change your mind you need to let me know, we only have 10 days.

. . . .

Q So when you left court that day was it your belief that [Appellant] wanted to appeal?

A No.

[N.T. Hearing, 9/16/21 at 23-24].

[Appellant] was subsequently taken back to the Berks County Prison. While there, [he] obviously had a change of thought. On November 7, 2011, [Appellant] filled out a "Request for Information/Assistance" form in which he indicated his desire to appeal. However, while this form indicates a desire to file an appeal, the form was addressed to the Public Defender's Office and specifically indicated that [Appellant] did not know his attorney's name or how to get a hold of her. The problem with

[Appellant's] correspondence was that Attorney Rigdon was not employed by the Public Defender's Office. More notable is that [Appellant] sent this correspondence to the Public Defender's Office despite having received formal communication from Court Administration [on June 2, 2011] which provided [him] with Attorney Rigdon's name and complete contact information.[2] At the recent PCRA hearing on September 16, 2021, [Appellant] openly acknowledged receiving this letter from Court Administration.

It is unknown by any of the parties when [Appellant's] "Request for Information" was received and reviewed by the Public Defender's Office.[3] All that is known is that the Public Defender's Office faxed [the] Request for Information form to Attorney Rigdon on November 14, 2011 at 1:07 PM.

Th[e] court credits the testimony of Attorney Rigdon when she stated that she was not notified of the fax until the following day, November 15, 2011—one day after the 10-day deadline for filing post-sentence motions. Attorney Rigdon subsequently drafted and filed a post-sentence motion wherein she acknowledged not being made aware of [Appellant's] letter to the Public Defender's Office until November 15, 2011. By order dated November 18, 2011, the post-sentence motion was denied as it was not timely filed.

On October 22, 2012, [Appellant *pro se*] filed his first [PCRA petition]. Less than one week later, th[e] court received a letter from the Pennsylvania Board of Probation and Parole indicating that [Appellant] was being considered for parole. On June 5, 2013, [Appellant] was, in fact, released on state parole and th[e] court received no further communication from [him].[4]

In October of 2020, th[e] court became aware that [Appellant] was reincarcerated for allegedly violating the terms and conditions of his parole on this instant docket. As a result,

_____

[2] The record is bereft of any indication that Appellant ever sent any written correspondence to Attorney Rigdon.

[3] The Request for Information, however, bears a stamp "NOV 10'11 AM 8:09".

[4] We note, without expressing an opinion, that it is unclear why the PCRA court held Appellant's October 22, 2012 *pro se* PCRA petition in abeyance until October 6, 2020, when it finally appointed PCRA counsel.

th[e] court immediately issued an order appointing PCRA counsel. On June 2, 2021, PCRA counsel, Attorney David J. Long, [filed] an amended petition in which he alleged that Attorney Abby Rigdon provided ineffective assistance of counsel. Specifically, [Appellant] allege[d] that Attorney Rigdon was ineffective because [Appellant] did not wish to waive his preliminary hearing, that he believed the most severe sentence he could receive was one year to five years, that he always intended to fight the charges against him, and that he was unable to contact Attorney Rigdon to indicate he wished to file an appeal. The second allegation was that Attorney Rigdon rendered ineffective assistance of counsel for failing to file an appeal.

In response to the amended petition, the Commonwealth was ordered to file an answer to the petition—which [it] did, on June 23, 2021. As a result of the amended petition and the Commonwealth's response, th[e] court issued an order to bring [Appellant] to Berks County for the purposes of a PCRA hearing that was scheduled for September 16, 2021.

During the hearing on September 16, 2021, [Appellant] never offered any evidence suggesting that he was coerced to waive the preliminary hearing. Nor did [he] testify that he was coerced into entering a guilty plea as opposed to fighting the charges against him. The primary focus of [his] testimony was his dissatisfaction with the sentence imposed by the court and the failure of Attorney Rigdon to file an appeal. For her part, Attorney Rigdon responded to the allegations raised by [Appellant] during the hearing. After the conclusion of the testimony, [Appellant] and the Commonwealth were directed to submit memoranda of law, which they did on October 21, 2021 and November 4, 2021, respectively. After careful review of the pleadings, the testimony elicited at the PCRA hearing, and the applicable caselaw, this court [denied Appellant's] request for relief.

PCRA Court Opinion, 12/13/21, at 1-6 (some quotation marks, citations, and unnecessary capitalizations omitted). Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On May 13, 2022, PCRA counsel filed an **Anders**[5] brief, raising a single issue for our review. "Did not the PCRA court err by denying relief where Appellant had demonstrated that he had indicated his desire to appeal to his counsel and to the PCRA court?" **Anders** Brief at 5. On June 3, 2022, counsel filed in this Court an application to withdraw as counsel.

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of **Turner**/**Finley**. For PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

> (1)    PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2)    PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3)    This Court must independently review the record and agree that the appeal is meritless.

**See Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting **Turner**, **Finley**, **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), and **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2008), **overruled in part by**, **Pitts**).

We find that PCRA counsel has substantially complied with **Turner**/**Finley**. PCRA counsel petitioned for leave to withdraw and filed an

---

[5] **Anders v. California**, 386 U.S. 738 (1967).

*Anders* brief, which we accept in lieu of a *Turner*/*Finley* no-merit letter.[6]

Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or

file a *pro se* response.

We now turn to this appeal to determine whether it is indeed meritless.

"On appeal from the denial of PCRA relief, our standard of review requires us

to determine whether the ruling of the PCRA court is supported by the record

and free of legal error." *Widgins*, 29 A.3d at 819. As this Court has

explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief

if he pleads and proves that prior counsel rendered ineffective assistance of

---

[6] *Anders* sets forth the requirements to withdraw on direct appeal, which are more stringent than the *Turner*/*Finley* requirements that apply on collateral appeal. *See Widgins*, 29 A.3d at 817 n.2. "Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Id.*

counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "*Pierce*[7] test," or the claim fails." *Id.* Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

Instantly, Appellant's principal contention is that Attorney Rigdon was ineffective in failing to file a requested direct appeal. We agree.

We have explained:

It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999). Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. *Roe v. Flores–Ortega*, 528 U.S. 470 [] (2000)[.] Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal. *Roe v. Flores–Ortega*, *supra.*

. . . .

[W]e acknowledge that our Supreme Court in *Lantzy*, *supra*, at 572, held that where there is an "unjustified failure to file a

---

[7] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

- 8 -

requested direct appeal," counsel is *per se* ineffective as the defendant was left with the functional equivalent of no counsel. Under this situation, no discussion of the potential merit of any claims is necessary or warranted. ***Id.*** at 572; ***see also Commonwealth v. Bronaugh***, 670 A.2d 147, 149 (Pa. Super. 1995) (discussing that once a PCRA court determines that a petitioner sought a direct appeal, the PCRA court is prohibited from addressing the merits of any other potential claims); ***Commonwealth v. Hoyman***, 561 A.2d 756 (Pa. Super. 1989) (same).

To establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal. ***See Commonwealth v. Touw***, 781 A.2d 1250 (Pa. Super. 2001).

***Commonwealth v. Markowitz***, 32 A.3d 706, 714-15 (Pa. Super. 2011) (footnotes and some citations omitted).

Here, our review of the record reveals that, on November 15, 2012, Attorney Rigdon became aware of Appellant's desire to appeal his November 4, 2011 judgment of sentence. This fact is undisputed. Instead of filing the requested appeal,[8] Attorney Rigdon filed a *nunc pro tunc* post-sentence motion, which the trial court denied on November 22, 2011. At this point, despite being aware of Appellant's desire for a direct appeal, Attorney Rigdon simply failed to appeal. In other words, Attorney Rigdon did not file a notice of appeal.[9] This failure to file or perfect a requested appeal resulted in a denial

---

[8] Attorney Rigdon could have challenged the trial court's denial of the *nunc pro tunc* post-sentence motion on direct appeal, regardless of the merits of any potential discretionary aspects of sentencing claims.

[9] If Attorney Rigdon believed that Appellant could not have raised any meritorious issues on direct appeal, she would have been well within her rights to file an ***Anders*** brief.

of rights so fundamental as to constitute prejudice *per se*. **See Lantzy**, 736 A.2d at 571. Because of Attorney Rigdon ignored Appellant's request to appeal, Appellant was left "without an ability to challenge his conviction and sentence by means of the direct appeal." **Commonwealth v. Halley**, 870 A.2d 795, 800 (Pa. 2005). Thus, when, as here, "counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." **Id.** Moreover, as noted earlier, under the circumstances of this case, where Appellant established ineffectiveness *per se* because Attorney Rigdon failed to file the requested direct appeal, no discussion of the potential merit of any claims to be advanced on direct appeal (*nunc pro tunc*) is necessary or warranted. **Lantzy**, 736 A.2d at 572. Accordingly, the PCRA court erred in denying Appellant relief. We, therefore, must remand the case to the PCRA court to reinstate *nunc pro tunc* Appellant's direct appeal rights.[10]

Order vacated. Application to withdraw denied. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

---

[10] In light of our disposition herein, and based upon our independent review, we cannot agree with PCRA counsel that there is no basis for relief in the present case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2022